Sean Duvall Fagan, George R. Covert, James L. Piker, Baton Rouge, for Plaintiffs.

John William Hite, III, Sally A. Shushan, Robert E. Winn, Sessions & Fishman, L.L.P., New Orleans, for American Tobacco Co.

Elsie CHUSTZ, Donald Wayne Chustz, George Dewayne Chustz, James Ray Chustz and Patsy Lynn Chustz Harris

v.

**R.J. REYNOLDS TOBACCO COMPANY and the American Tobacco Company.**

Civil Action No. 93–710–B.

United States District Court, M.D. Louisiana.

Nov. 25, 1996.

## RULING ON MOTION FOR DETERMINATION OF LAW GOVERNING THIS ACTION

POLOZOLA, District Judge.

The American Tobacco Company ("American") seeks to have the Court determine what law governs this action. Specifically, the Court must determine whether the Louisiana Products Liability Act ("LPLA") applies under the facts of this case. In reasons which follow, the Court finds that the LPLA does apply.

The plaintiffs filed this suit on August 13, 1993, seeking to recover damages sustained as a result of Charles Chustz's lung cancer and subsequent death, which the plaintiffs allege was caused from smoking cigarettes manufactured by the defendants. Charles

Chustz was diagnosed as having lung cancer in November of 1992. He died on January 24, 1993. The issue before the Court is whether the LPLA, which became effective on September 1, 1988, or pre-LPLA law applies to this case.

■ The Court finds that *Brown v. R.J. Reynolds Tobacco Co.*,[1] decided by the Fifth Circuit Court of Appeals, is dispositive of the issue now pending before it. In *Brown*, the Fifth Circuit held that in determining whether a cause of action is governed by the LPLA, the proper inquiry is to determine when that cause of action "accrued."[2] In other words, the Court must decide whether the cause of action accrued before or after the September 1, 1988, effective date of the LPLA. In *Brown*, there was no evidence that the plaintiff sustained injury, latent or otherwise, before the LPLA's effective date; therefore, the court found that the LPLA was applicable.

The plaintiffs attempt to distinguish their case from *Brown* by submitting evidence which they claim shows that injury to Charles Chustz occurred before September 1, 1988. This evidence consists of deposition testimony by the plaintiffs' expert, Dr. Clay Waggenspack, who states that he believes the patient's illness began when he lit his first cigarette.[3] Relevant portions of Dr. Waggenspack's testimony are as follows:

> [M]y simplistic position is that the first cigarette begins to do something to the bronchial mucosa and it progresses thereafter. Eventually it causes dysplasia, and the dysplasia eventually leads to carcinoma. . . .
>
> Q. [Y]ou can't tell us or medical science can't tell us when the cancer first began, when the neoplasia first began?
>
> A. I don't think medical science can say when it began and I don't think the statisticians and the epidemiologists can say when it began. . . . He began to have

symptoms in April of '92. And I'm not certain that they were related to his malignancy. But certainly two weeks before the end of November [1992], he had symptoms that almost certainly were related to his malignancy. . . . And, obviously, it began before that. And my conjecture—and it's only conjecture—would be that it began a good many years before that.

> Q. But you can't say that with a reasonable degree of medical probability that it began prior to 1988? . . .
>
> A. I would say my judgment is that it began before that, but I have no—there is no way I can say with any degree of absolute conviction that it did.[4]

The defendants maintain that the deposition testimony of Dr. Waggenspack shows that the plaintiffs' causes of action arose after the effective date of the LPLA. They note that the plaintiffs allege Chustz was diagnosed as having lung cancer in November of 1992 and that he died of lung cancer on January 24, 1993. Dr. Waggenspack testified that there were no signs or symptoms of any cancer prior to the 1992 diagnosis of lung cancer, and there was no evidence that the cancer existed prior to the September 1, 1988, effective date of the LPLA.

■ In Louisiana, a cause of action arises when a party has a right to sue.[5] Chustz could not have sued for damages arising from lung cancer before he had evidence of the existence of such an injury rather than a doctor's speculation that he may get cancer in the future. Likewise, this Court cannot in retrospect speculate that because Charles Chustz died of cancer in early 1993, the cancer must have begun prior to September 1, 1988. There is simply no evidence that the disease had manifested itself with sufficient certainty to support the accrual of a cause of

---

1. 52 F.3d 524 (5th Cir.1995).

2. *Brown,* 52 F.3d at 527.

3. The plaintiffs' complaint alleges that Charles Chustz smoked and was exposed to environmental tobacco smoke from approximately 1942 until approximately 1991.

4. Pls.' Mem. in Opp'n to Mot. of American Tobacco Co. for Determination of Law Governing this Action Ex. A.

5. *Brown,* 52 F.3d at 527.

action before 1992.[6] For this reason, the Court must find that the LPLA applies under the facts of this case.

Therefore:

**IT IS ORDERED** that the motion by the American Tobacco Company for a determination that the Louisiana Products Liability Act is the applicable law governing this action be and it is hereby **GRANTED.**

6. Dr. Waggenspack testified that Charles Chustz began to have symptoms that might be related to his malignancy in April of 1992, but that it was not until November that he had symptoms that "almost certainly" were related to his malignancy. The distinction is irrelevant for determining the applicable law, as each occurred after the effective date of the LPLA.